■ HARRY KLEIN, Respondent, v. ALBERICO POMPA et al., Doing Business as YORKSHIRE HOUSE ASSOCIATES, Appellants.— Order entered May 13, 1966, denying defendants' motion for an order pursuant to CPLR 3012 (subd. [b]) dismissing the action because of plaintiff's failure to serve a complaint, and granting plaintiff's cross motion for an order extending the time within which to serve a complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to appellants, defendants' motion granted, plaintiff's cross motion denied, and the action dismissed. The action was commenced by service of summons on February 27, 1964. Although a complaint had been demanded on March 17, 1964, it was not served until March 7, 1966, after defendants had moved to dismiss the action. We find no reasonable justification in this record for delay so prolonged. The complaint discloses plaintiff's grievance to be that defendants, in the course of demolishing a building adjacent to the westerly wall of a building owned by plaintiff, negligently removed the lateral support and the underpinning for the wall. Plaintiff's excuse for his delay is that he needed a written report from a building engineer in order to frame the complaint and that he encountered difficulties in securing the services of an engineer. It appears, however, that an engineer had in fact prepared written reports in November, 1964 and had escrowed them with plaintiff's attorney against payment of his $150 fee. While it is averred that the reports were not available for use by plaintiff before January of this year, the sole reason is that the engineer was continuously refused his fee until that month and was paid only after he had sued plaintiff's attorney. Moreover, the complaint itself shows that an engineer's report was hardly necessary for its preparation. Settle order on notice. Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.

■ PRUDENTIAL CAPITAL CORP., Appellant, v. WHITEHALL MERCANTILE CORPORATION, Respondent.— Judgment entered May 11, 1966, dismissing the complaint, unanimously affirmed, with $50 costs and disbursements to the respondent. The plaintiff and defendant were joint venturers in the factoring of certain accounts receivable. Their agreement provided that " [i]n the event any loss is suffered in this account", the defendant would bear the full amount of said loss to the extent of its participation before any loss would be suffered by the plaintiff. A loss was suffered as the result of certain frauds. Each of the parties carried fraud insurance and each recovered part of its loss from its insurer. In this action plaintiff seeks to recover from the defendant the moneys received by the defendant from its insurer. The plaintiff established no right to the moneys sought. The agreement between the parties contains no provision requiring the defendant to maintain fraud loss insurance for plaintiff's benefit, nor did it require defendant to pay to the plaintiff the proceeds of any insurance that it might obtain. The insurance which defendant obtained was independent of the agreement and was solely for its own benefit. Consequently, we need not consider any of the defenses interposed by the defendant. Concur — Breitel, J. P., Rabin, Stevens, Capozzoli and Bastow, JJ.